IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03380-BNB

HENRY LEE GRIFFIN, JR.,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, as Governor of the State of Colorado, in official capacity,
TOM CLEMENTS, in his individual and official capacity, and
JOHN L. DAVIS, in his individual and official capacity,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Henry Lee Griffin, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional complex in Buena Vista, Colorado. Mr. Griffin filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and declaratory and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    The Court must construe Mr. Griffin's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Griffin will be directed to file an amended complaint.

    Mr. Griffin asserts five claims. First, he complains that his case filed in the District Court of Chaffee County, Colorado, was dismissed pursuant to Colo. Rev. Stat.

§ 13-17.5-102.7(1), a state statute similar to the "three strikes" provision in 28 U.S.C. § 1915(g), in violation of his rights under the First and Fourteenth amendments.  He also complains that the state statute is unconstitutional.  Second, he alleges that the application of Colo. Rev. Stat. § 17-20-114.5 concerning restricted privileges for prisoners violated his Fourteenth Amendment rights because he was placed on restricted privileges and his property was confiscated.  Third, he asserts that Colo. Rev. Stat. § 17-20-115 concerning inmate labor violates his Fourteenth Amendment rights because of its infringement on his right to earn a living, pay off his debt, and pay taxes.  Fourth, he maintains that DOC Policy AR 850-06 violates his Fourteenth Amendment rights because his personal property was destroyed.  He further complains that the regulation is unconstitutional.  Fifth, he contends his request to be returned to his former single cell following his conviction and fifteen-day placement in segregation was denied in violation of his Fourteenth Amendment rights because he is African-American.

      The complaint Mr. Griffin filed is hard to read because it is single-spaced, contains underlining, and due to his handwriting.  Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The amended complaint Mr. Griffin is directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters, with no underlining.

      Mr. Griffin's complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Griffin to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Griffin fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The complaint is unnecessarily wordy and vague.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  Therefore, Mr. Griffin will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.  It is Mr. Griffin's

3

responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The amended complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

In the amended complaint, Mr. Griffin must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Griffin must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Griffin may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Griffin uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Griffin, therefore, will be directed to file an amended complaint on the Court-approved complaint form that asserts his claims clearly and concisely, alleges what

rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Henry Lee Griffin, Jr., file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Griffin shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Griffin fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss the complaint and the action without further notice.  It is

FURTHER ORDERED that "Plaintiff's Motion Requesting Court to Order Service on Defendants" (ECF No. 5) is denied as premature and unnecessary.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge