IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03380-BNB

HENRY LEE GRIFFIN, JR.,

      Plaintiff,

v.

JOHN W. HICKENLOOPER, as Governor of the State of Colorado, in official capacity,
TOM CLEMENTS, in his individual and official capacity, and
JOHN L. DAVIS, in his individual and official capacity,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

      Plaintiff, Henry Lee Griffin, Jr., is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the correctional

complex in Buena Vista, Colorado.  Mr. Griffin filed *pro se* a prisoner complaint pursuant

to 42 U.S.C. § 1983 for money damages and declaratory and injunctive relief.  He was

granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial

partial filing fee.

      On January 31, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Griffin to file

within thirty days an amended complaint that was double-spaced and written legibly in

compliance with Rule 10.1 of the Local Rules of Practice for this Court, complied with

the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and alleged

the personal participation of each named Defendant.  On March 1, 2012, Mr. Griffin filed

an amended § 1983 complaint for money damages and declaratory and injunctive relief.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Griffin is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Griffin's filings liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended complaint and the action will be drawn in part and dismissed in part pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Griffin asserts five claims.  In his first claim, asserted against Governor John W. Hickenlooper, Mr. Griffin complains that his case filed in the District Court of Chaffee County, Colorado, was dismissed pursuant to Colo. Rev. Stat. § 13-17.5-102.7(1), a state statute similar to the "three strikes" provision in 28 U.S.C. § 1915(g), in violation of

2

his rights under the First and Fourteenth amendments.  He complains that the state statute is unconstitutional on its face and as applied to him.  In his second claim, asserted against Governor Hickenlooper, Mr. Griffin alleges that the application of Colo. Rev. Stat. § 17-20-114.5 concerning restricted privileges for prisoners violates his Fourteenth Amendment rights because he was placed on restricted privileges and his personal property was confiscated.  Again, he complains that the statute is unconstitutional on its face and as applied to him.  In his third claim, asserted against Governor Hickenlooper, Mr. Griffin alleges that Colo. Rev. Stat. § 17-20-115 concerning inmate labor is unconstitutional on its face and violates his Fourteenth Amendment rights because of its infringement on his right to earn a living, pay off debt, and pay taxes.  In his fourth claim, asserted against Tom Clements, DOC executive director, Mr. Griffin maintains that DOC Policy AR 850-06 violates his Fourteenth Amendment rights because his personal property was confiscated and destroyed without his authorization. He further complains that the regulation is unconstitutional.  In his fifth and final claim, asserted against Defendant John L. Davis, his warden, Mr. Griffin alleges that his Fourteenth Amendment rights were violated because Shannon Lynne Grant filed a false report against him for disobeying a lawful order; hearing officer Gerry Blank used the false report to find him guilty and sanction him with fifteen days of punitive segregation; and that although Mr. Davis expunged the conviction, Mr. Davis failed to respond earlier to Mr. Griffin's offender communication form requesting intervention before Mr. Griffin was placed in punitive segregation.

Claims one through three asserted against Governor Hickenlooper and alleging unconstitutional state statutes will be drawn to a district judge and magistrate judge.

3

The Court will address the merits of claim four asserted against Warden Davis in which Mr. Griffin maintains that DOC Policy AR 850-06 concerning offender property is unconstitutional and violates his Fourteenth Amendment rights because his personal property was confiscated and destroyed without his authorization.

First, Mr. Griffin's argues that administrative regulation 850-06 is unconstitutional on its face.  "Facial challenges are disfavored[,]" *Peterson v. LaCabe*, 783 F. Supp. 2d 1167, 1173 (D. Colo. 2011) (citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 422, 450 (2008) (internal quotation marks omitted)) and generally fail if any "set of circumstances exists under which the [law] would be valid." *Peterson* at 1173 (citing *Washington State Grange* at 449) (internal quotation marks omitted).  In other words, to succeed on a facial challenge, Mr. Griffin must show that the law is unconstitutional in all of its applications.  *Peterson* at 1173 (citing *United States v. Salerno*, 481 U.S. 439, 745 (1987)).  Mr. Griffin fails to do so.

According to the DOC website, www.doc.state.co.us/administrative-regulations, AR 850-06 allows for the confiscation of contraband, i.e., an item an offender is not specifically authorized to have in his possession.  AR 850-06 III.D.  Contraband may be disposed of in accordance with AR 300-05, concerning searches and contraband control.  AR 850-06 IV.C.4; *see also* AR 850-06 IV.I. and L.  AR 300-05 provides for contraband storage (IV.P.) and disposition through various means (IV.S.) by providing notice to the offender that he has ten calendar days to provide the property control officer with the desired disposition (IV.S.6.c.) and allowing the offender to mail the item to an address outside of the DOC at his expense (IV.S.6.c.1.).  Other options include donation (IV.S.6.c.2.) or destruction (IV.S.6.c. 3.) of the item.  Because Mr. Griffin fails

4

to show that the administrative regulation in question is unconstitutional in all of its applications, his claim of unconstitutionality fails.

To the extent Mr. Griffin's fourth claim can be construed as due process claim based on the confiscation and loss of his personal property, the claim lacks merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "the United States Supreme Court has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available). A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See id.* at 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). Mr. Griffin does not allege that the prison grievance procedure was unavailable to him because he alleges that he exhausted the procedure. The fact that his administrative grievances were not successful, by itself, does not mean that the grievance procedure was not an adequate remedy. Mr. Griffin also has an adequate remedy available to him in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished opinion) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.").

Finally, to the extent Mr. Griffin may be arguing that Mr. Clements violated DOC policy by confiscating and destroying his property, the claim fails.  A violation of a prison regulation is insufficient to state a constitutional claim under § 1983.  *See, e.g.*, *Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision"); *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir.1993) ("failure to adhere to administrative regulations does not equate to a constitutional violation"); *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir.2002) ("[t]o the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, . . . he has stated no cognizable claim under § 1983") (citations omitted).  This is because prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).  Mr. Griffin's fourth claim is legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).  Because Mr. Clements is only named as a Defendant in claim four, he will be dismissed as a party to this action.

Claim five alleges that Mr. Davis violated the Plaintiff's Fourteenth Amendment rights by failing to respond to a communication that would have prevented prison employees from using false evidence against him at a hearing at which he was sanctioned by placement in punitive segregation.  Mr. Griffin previously was warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable

on a theory of respondeat superior.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469,

479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only

liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614

F.3d 1185, 1211 (10th Cir. 2010).  This is because "§ 1983 does not recognize a

concept of strict supervisor liability; the defendant's role must be more than one of

abstract authority over individuals who actually committed a constitutional violation."

*Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Moreover, the United States

Court of Appeals for the Tenth Circuit has held that receiving correspondence from an

inmate does not demonstrate the personal participation required to trigger personal

liability under § 1983.  *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir.

May 20, 2004) (unpublished opinion) (holding that copying the warden on

correspondence does not demonstrate the warden's personal participation in an alleged

constitutional violation).  Mr. Griffin has failed to allege an affirmative link between the

alleged constitutional violation and Mr. Davis.  Therefore, Mr. Davis is an improper party

to this action, and will be dismissed.  Because claim five is asserted only against Mr.

Davis, claim five will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B).

Accordingly, it is

ORDERED that the amended complaint is drawn in part and dismissed in part.  It
is

FURTHER ORDERED that claims one, two, and three and the case are drawn to

a district judge and magistrate judge.  It is

FURTHER ORDERED that claims four and five are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that Defendants Tom Clements and John L. Davis are dismissed as parties to this action.  It is

FURTHER ORDERED that the clerk of the Court is directed to remove the names of Tom Clements and John L. Davis as parties to this action.  The only remaining Defendant is Governor John L. Hickenlooper.

DATED at Denver, Colorado, this _5th__ day of ___April_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court