IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03380-REB-BNB

HENRY LEE GRIFFIN, JR.,

Plaintiff,

v.

JOHN W. HICKENLOOPER, as Governor of the State of Colorado, in his official capacity,

Defendant.

---

**ORDER**

---

This matter arises on the defendant's **Motion to Stay Discovery and Request for Protective Order** [Doc. #34, filed 06/29/2012] (the "Motion").  The Motion is GRANTED.

The plaintiff filed his Amended Prisoner Complaint on March 1, 2012 [Doc. #8].  The defendant has filed a Motion to Dismiss [Doc. # 28] seeking dismissal of the plaintiff's three remaining claims based on (1) failure to plead sufficient facts to state a plausible claim; (2) Eleventh Amendment immunity; (3) failure to allege a physical injury under the Prison Litigation Reform Act; and (4) statute of limitations bar.

The defendant asserts that on May 29, 2012, the plaintiff mailed to him written interrogatories.  The defendant seeks a stay of all discovery and a protective order until the court rules on the Motion to Dismiss.

In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a
> proper balancing of the competing interests at stake.  Those factors
> are: (1) the interests of the plaintiff in proceeding expeditiously
> with the civil action and the potential prejudice to plaintiffs of a

delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same).  I find that a stay of discovery in this case is warranted.

On June 28, 2012, the plaintiff filed a motion to compel responses to the interrogatories [Doc. #32].  I denied the motion to compel stating:

> In general, the Motion to Dismiss is grounded in purely legal arguments, with the facts of the Complaint taken as true.  In addition, the plaintiff's discovery requests are irrelevant to any factual matters which may be implicated by the Motion to Dismiss.  Consequently, no discovery is necessary to respond to the Motion to Dismiss, and I am not persuaded by the plaintiff's arguments to the contrary.

[Doc. #36].

I find that any interest the plaintiff may have in proceeding expeditiously is outweighed by the burden on the defendant and the court to engage in discovery and potential discovery disputes that are not relevant to the Motion to Dismiss--a motion that may dispose of the case without the need for any discovery.  I further find that it is in the public's best interest to prevent the expenditure of tax payers' money and valuable government resources on premature discovery.  Accordingly,

IT IS ORDERED:

(1)   The Motion [Doc. # 34] is GRANTED; and

(2)   Discovery is STAYED until further order of the court.

Dated July 9, 2012.

2

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge