IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03380-REB-BNB

HENRY LEE GRIFFIN, JR.,

Plaintiff,

v.

JOHN W. HICKENLOOPER, as Governor of the State of Colorado, in his official capacity,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendant's **Motion to Dismiss** [Doc. #28, filed 06/15/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Buena Vista Correctional Complex. He filed his Amended Prisoner Complaint on March 1, 2012 [Doc.#8] (the "Complaint"). The Complaint asserts three claims for relief.[1]

In Claim One, the plaintiff alleges that C.R.S. § 13-17.5-102.7 is unconstitutional on its face and as applied in violation of his First and Fourteenth Amendment rights. Claim Two alleges that C.R.S. § 17-20-114.5 and DOC Administrative Regulation ("AR") 600-05 are facially unconstitutional and unconstitutional as applied in violation of the plaintiff's Fourteenth Amendment due process rights. Claim Three alleges that C.R.S. § 17-20-115 is unconstitutional on its face and unconstitutional as applied in violation of the plaintiff's Fifth and Fourteenth Amendment due process rights.[2]

## III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

---

[1] Claims Four and Five were dismissed as legally frivolous on April 5, 2012, and defendant Clements and Davis were dismissed [Doc. #10].

[2] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

### A. Eleventh Amendment Immunity

The defendant asserts that the Eleventh Amendment bars the plaintiff's claims against him in his official capacity. *Motion*, pp. 4-5. The defendant presents a facial challenge to the Complaint. Therefore, I accept the allegations of the Complaint as true for purposes of this argument. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102-03,105-06 (1984). The plaintiff seeks declaratory and injunctive relief. *Complaint*, p. 13. He withdrew his request for "just compensation and/or 1 acre of prison property" on July 10, 2012 [Doc. #40], but he argues that his claim for just compensation is not barred by Eleventh Amendment immunity. *Plaintiff's Motion in Opposition to Defendants Motion to Dismiss* [Doc. #46] (the "Response"). Therefore, it is unclear if the plaintiff is seeking retroactive monetary relief. To the extent he is attempting to recover monetary damages from the defendant, his claim is barred.

The defendant is a state official. *Complaint*, p. 2. Consequently, the Eleventh Amendment bars suit against him in his official capacity for retroactive monetary relief. The

Motion should be granted to the extent it seeks dismissal of the claims against the defendant in his official capacity for retroactive monetary relief based on Eleventh Amendment immunity.

### B.  Claim One

Claim One alleges that C.R.S. § 13-17.5-102.7 is unconstitutional on its face and as applied in violation of the plaintiff's First and Fourteenth Amendment rights.  Section 102.7 provides in pertinent part:

> 1) No inmate who on three or more occasions has brought a civil action based upon prison conditions that has been dismissed on the grounds that it was frivolous, groundless, or malicious or failed to state a claim upon which relief may be granted or sought monetary relief from a defendant who is immune from such relief, shall be permitted to proceed as a poor person in a civil action based upon prison conditions under any statute or constitutional provision.
>
> (2) Notwithstanding the provisions of subsection (1) of this section, an inmate may proceed as a poor person in a civil action if the judge finds that the action alleges sufficient facts which, if assumed to be true, would demonstrate that the inmate is in imminent danger of serious physical injury.

The plaintiff alleges that in 2011 the Chaffee County District Court dismissed two of his complaints pursuant to section 102.7.  He complains that section 102.7 "allows any judge whom disagrees with the message, subject matter and/or contents of my speech in my complaint to deem it frivolous, therefore causing injury to my First Amendment rights to freedom of speech and right to petition."[3]  *Complaint*, p. 5, ¶ A.  He further complains that his right to due process is violated because section 102.7 "limits [his] right of petition to only (3) complaints at state expense."  Id. at ¶ B.

---

[3]Unless otherwise noted, I quote the plaintiff's filings as written, without correction or acknowledgment of error.

5

Section 102.7 is the state law equivalent to the "three strikes" provision found in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[4] The Tenth Circuit Court of Appeals has held that section 1915(g) is not unconstitutional as violating either the First Amendment or the due process right of access to the courts. White v. Colorado, 157 F.3d 1226, 1232-33 (10th Cir. 1998).

Nor does section 1915(g) violate a prisoner's free speech rights. A prison regulation restricting an inmate's right to free speech is valid if it is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). The court must consider and balance the following factors in making this determination: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right would have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether ready alternatives exist. Id. at 90 (internal quotations omitted).

Section 1915(g) is rationally related to the legitimate state interest of deterring prisoners from filing frivolous and malicious lawsuits against prison officials, and thereby preserving scarce prison and judicial resources. See Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) (finding section 1915(g) satisfied rational basis scrutiny under an Equal Protection Clause

---

[4]Section 1915(g) provides that "in no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

analysis); Carson v. Johnson, 112 F.3d 818, 822 (5th Cir. 1997); (same). Moreover, prisoners subjected to the "three-strike" rule are not prohibited from exercising their right to file civil actions; they may continue to file civil actions at their own expense.

Section 102.7 does not contain any meaningful constitutional differences from section 1915(g). Therefore, the plaintiff's facial challenge to section 13-17.5-102.7 fails for the reasons discussed above.

The plaintiff's challenge to section 13-17.5-102.7 as applied to him does not state a plausible claim for relief. The plaintiff does not provide any facts from which to infer that the Chaffee County District Court dismissed his complaint in violation of his First and Fourteenth Amendment rights.

Claim One fails to state a claim upon which relief can be granted. Therefore, the Motion should be granted insofar as it seeks dismissal of Claim One.

### C. Claim Two

In Claim Two, the plaintiff alleges that C.R.S. § 17-20-114.5 and AR 600-05 are unconstitutional facially and as applied in violation of procedural due process. *Complaint*, pp. 6-7.

The defendants argue that this claim is barred by the statute of limitations. *Motion*, pp. 5-6. "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (internal citations omitted).

Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; C.R.S. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The plaintiff alleges that on March 27, 2003, through October 15, 2003, and on October 12, 2006, he was placed on restricted privileges pursuant to C.R.S. § 17-20-114.5 and AR 600-05, and all of his personal property was removed from his "full enjoyment and/or use." *Complaint*, ¶ 4. Therefore, as to his claim that C.R.S. § 17-20-114.5 and AR 600-05 are unconstitutional as applied, the plaintiff knew or had reason to know of the existence and cause of his injury on or before March 27, 2003. He did not file this action until December 27, 2011. Consequently, these claims are barred by the statute of limitations unless the limitation period is subject to tolling.

The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff does not argue that he is entitled to tolling. Instead, he argues that the statute of limitation should not apply to his claims because section 114.5 is applied to him daily and is continuously violating his constitutional rights. *Complaint*, p. 6, ¶ 5A; *Response*, p. 3, ¶¶ 2-7. Many courts have held that a facial challenge to a statute on First Amendment grounds is not subject to a statute of limitation defense because "a facially invalid statute inflicts a continuing injury by chilling protected speech in an on-going fashion." Fry v. City of Kannapolis, 109 F. Supp.2d 436, 439 (M.D.N.C. 1999) (collecting cases). See also Maldonado v. Harris, 370 F.3d 945, 955-56 (9th Cir. 2004) (same). However,"[i]n the context of a facial takings challenge, the limitations period accrues when the purportedly unconstitutional statute or regulation is enacted or becomes effective. This is so because, in such cases, the plaintiff alleges that the 'mere enactment of a statute constitutes a taking.'" Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jimenez, 659 F.3d 42 (1st Cir. 2011) (citing Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 494 (1987)). The defendant does not discuss whether C.R.S. § 17-20-114.5 and AR 600-05 inflict a continuing injury that would prevent application of the statute of limitation defense to the plaintiff's facial challenge. Therefore, I decline to address this argument, and I proceed to the merits of the claim.

The defendant argues that the plaintiff's facial challenge to C.R.S. § 17-20-114.5 and AR 600-05 fails to state a claim upon which relief can be granted. *Motion*, pp. 11-13. Section 114.5 provides that an inmate is not entitled to any privileges that may be made available by the DOC, and that such privileges may be restricted if an inmate does not participate in required educational programs, work programs, and/or counseling, or if the inmate files a baseless or malicious lawsuit against the state of Colorado or any state government official. Privileges

include television, radios, entertainment systems, and access to snacks. AR 600-05 provides that the DOC may restrict the privileges of inmates who refuse to perform required labor; refuse to participate in available educational and vocational education and work programs; or refuse to undergo assigned counseling.[5] Privileges include canteen, television, radio, tokens, hobby and work tools, typewriters, and appliances such as hot pots, fans, and coffee pots.

The basis for the plaintiff's facial challenge is unintelligible. *Complaint*, pp. 6-7. He states:

> The law violates the doctrine of ("Expressio Unims Est Exclusio Alterius") because the Gen. Assembly explicitly included some things of value that are considered "property" under the Colorado Consumer Protection Act (CCPA), therefore the CCPA excludes all other things not fitting the definition. The plain language of C.R.S. § 6-1-102(8)[6] read in its entirety indicates that the General Assembly did not intend for (personal property) purchased from (CCI/Juniper Valley Inc.)[7] to be defined as a privilege.
> * * *
> The law illegally defines a television, radios, entertainment systems and access to snacks as a privilege, but all personal property purchased from (CCI/Juniper Valley Inc.) are consumer products.

Id. at p. 7.

To the extent the plaintiff is arguing that C.R.S. § 17-20-114.5 and AR 600-05 are unconstitutional because they restrict a prisoner's access to consumer products as defined under the Colorado Consumer Protection Act, the argument is frivolous. Alvarado provides that

---

[5] I may take judicial notice of administrative regulations. Fed. R. Evid. 201.

[6] Section 6-1-102(8), C.R.S., defines "property" under the Colorado Consumer Protection Act as "any real or personal property, or both real and personal property, intangible property, or services."

[7] The plaintiff does not explain the meaning or significance of "CCI/Juniper Valley Inc."

"courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. Claim Two lacks any specific factual allegations to support a facial challenge to C.R.S. § 17-20-114.5 and AR 600-05.

Moreover, the plaintiff's facial challenge is brought pursuant to the Due Process Clause. *Complaint*, pp. 6-7. Due process rights are triggered only if he has been deprived of a protected liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983), *overruled in part on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995). State-created liberty interests are found only under limited circumstances:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [] nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin, 515 U.S. at 483-84.[8] The circuit court has stated that property interest claims by prisoners are also to be reviewed under Sandin's atypical-and-significant-deprivation analysis. Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th Cir. 1999).

---

[8]In Sandin, the Court eschewed the methodology it had previously applied to determine the existence of a liberty interest. The prior methodology required examination of prison regulations "to determine whether mandatory language and substantive predicates created an enforceable expectation that the State would produce a particular outcome with respect to the prisoner's conditions of confinement." 515 U.S. at 480-81. The Court instead returned to the due process principles that were established and applied in Meachum v. Fano, 427 U.S. 215 (1976) and Wolff v. McDonnell, 418 U.S. 539 (1974). These principles focus on the nature of the deprivation instead of the language of a particular regulation. Sandin, 515 U.S. at 481.

The plaintiff asserts that he has a liberty interest[9] in purchasing, owning, and making full use of personal property. Id. However, regulation of the type and quantity of personal property inmates may possess in their cells is not an atypical, significant hardship of prison life. Cosco, 195 F.3d at 1224. In addition, a prisoner does not have a liberty interest in avoiding placement on restricted status. Grady v. Garcia, No. 12-1151, 2013 WL 28475 (10th Cir. Jan. 3, 2012) (stating that "because prison policy subjects all inmates who refuse to participate in an assigned treatment program to [restricted privilege] status, it can hardly be said to be atypical"). Because the plaintiff has not identified a protected liberty or property interest, his facial due process challenges to C.R.S. § 17-20-114.5 and AR 600-05 must fail.

Claim Two fails to state a claim upon which relief can be granted with regard to the plaintiff's facial and as-applied challenges to C.R.S. § 17-20-114.5 and AR 600-05. The Motion should be granted insofar as it seeks dismissal of Claim Two.

### D. Claim Three

Claim Three alleges that C.R.S. § 17-20-115 is unconstitutional on its face and as applied in violation of the plaintiff's Fifth and Fourteenth Amendment rights. Section 17-20-115 provides that "[a]ll persons convicted of any crime and confined in any state correctional facilities under the laws of this state, except such as are precluded by the terms of the judgment of conviction, shall perform labor under such rules and regulations as may be prescribed by the department."

---

[9]It appears from the allegations of the Complaint that the plaintiff is actually claiming a property interest. The analysis is the same under either circumstance.

The defendant argues that Claim Three is barred by the statute of limitation. *Motion*, pp. 5-6. The plaintiff alleges that he has "been forced to perform labor pursuant to C.R.S. § 17-20-115" from 1996 to 2012. *Complaint*, p. 8, ¶ 4. Therefore, the plaintiff knew or had reason to know of the existence and cause of any injury from the application of section 115 on or before 1996. He did not file this action until December 27, 2011. Consequently, the "as applied" challenge is barred by the statute of limitation unless the limitation period is subject to tolling. The plaintiff does not argue that tolling applies to his claim. *Reply*, pp. 3-5.[10]

The defendant argues that the plaintiff's facial challenge fails to state a claim upon which relief can be granted. *Motion*, pp. 13-15. The plaintiff alleges that section 17-20-115 violates due process because it deprives inmates of just compensation to "pay down debts, pay taxes, financially support my family, pay for my children(s) college education without any notice or hearing." *Complaint*, p. 9, ¶ C. He claims he has a liberty interest to "be free from (involuntary servitude) as a punishment without any notice or hearing." Id. at ¶ B. However, "[p]ayment below the prevailing wage is not such an atypical, significant deprivation." Ziegler v. Whitney, 112 Fed. App'x 699, 701 (2004).

The plaintiff's facial and as-applied challenges to C.R.S. § 17-20-115 fail to state a claim upon which relief can be granted. The Motion should be granted insofar as it seeks dismissal of Claim Three.

---

[10]As with Claim Two, the plaintiff argues that a facial challenge to a statute is a continuing violation of law and cannot be barred by a statute of limitation. The defendant does not address this argument. Therefore, I do not address it, and I proceed to the merits of the claim.

## IV.  CONCLUSION

I respectfully RECOMMEND:

1.   The defendant's Motion to Dismiss [Doc. #28] be GRANTED and the Complaint be DISMISSED in its entirety; and

2.   This action count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).[11]

Dated January 4, 2013.

                                                          BY THE COURT:

                                                           s/ Boyd N. Boland
                                                          United States Magistrate Judge

---

[11] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).